UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. CASEY, ) | |
| ) | Case No. 5:08CV2694 |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | JUDGE JAMES S. GWIN |
| ) | (Magistrate Judge Mchargh) |
| RICHARD HALL, ) | |
| Warden, ) | |
| ) | |
| Respondent. ) | MEMORANDUM |
| ) | AND ORDER |
| ) | |

McHARGH, Mag.J.

The petitioner, Thomas E. Casey ("Casey"), has filed a petition pro se for a writ of habeas corpus. Presently before the court are Casey's motions to stay and hold his petition in abeyance (doc. 10 and 15), and his motion for leave to supplement his petition (doc. 12). The respondent opposes the motions. (Doc. 13, 17.) Casey requests that, if his motions to amend or stay are denied, he be granted an additional sixty days to file his Traverse. (Doc. 15.)

Casey filed his petition on Nov. 14, 2008. The petition was based on two related grounds:

> 1. Petitioner was denied counsel at his change of plea, sentencing and House Bill 180 hearing.

   2.  Petitioner was denied effective assistance of counsel.

(Doc. 1, at § 12.)  Casey includes among his supporting facts:

> The petitioner was denied effective assistance of counsel when his hired trial counsel failed to represent the Petitioner at his change of plea, sentencing and House Bill 180 hearing and after the Petitioner informed counsel that stood by his side he wanted to appeal the sentence.  Also counsel failed to secure a valid change of plea and sentence pursuant to Post release control.

Id.  The record reflects that Casey was represented by counsel at the hearing, albeit an associate of his retained counsel.  See, e.g., doc. 5, RX 2, RX 11, and RX 13, at 6.

   The first motion to stay, along with a motion to supplement (doc. 12), requests that the court permit Casey to amend his habeas petition to add a new claim, and hold the petition in abeyance "until the Petitioner exhausts this new constitutional claim with the state courts concerning a void sentencing order."  (Doc. 10, at 1.)  The new (third) claim would be that Casey "was denied his due process and equal protection rights under the Fourteenth Amendment when the state courts refuse to correct a void sentencing order."  (Doc. 12, at 3.)

   However, Casey also notes that he had "filed a motion with the trial court seeking a new sentencing hearing  pursuant to [Ohio Rev. Code] § 2323.191," on the basis of the Ohio Supreme Court's March 20, 2008, decision in State v. Simpkins, 117 Ohio St.3d 420, 884 N.E.2d 568 (2008), cert. denied, 129 S.Ct. 463 (2008).  (Doc. 12, at 1-2; see also doc. 15.)  Apparently, then, Casey seeks to add a ground which had not yet been addressed, let alone exhausted, in the state courts.  See, e.g., doc. 14, at 4; doc. 15, at 1.

As to the motion to supplement (amend), the respondent contends that Casey's third ground for relief is time-barred , and would not relate back to the original filing of the habeas petition. (Doc. 13, at 1-2, citing Mayle v. Felix, 545 U.S. 644 (2005).)

In addition, the respondent argues that the Supreme Court has held that a stay should be available only in limited circumstances, where the district court determines that there was good cause for the petitioner's failure to exhaust his claims in state court. Id. at 3, citing Rhines v. Weber, 544 U.S. 269 (2005).) The respondent asserts that Casey has failed to demonstrate good cause, because seven years passed after his plea and sentencing before Casey raised a claim regarding the sentencing. Id. at 4. Finally, it is argued that the proposed claim is not cognizable in federal habeas, as a claimed error of state law. Id. at 4-5; see, e.g., doc. 14, at 5 (trial court acted contrary to state law).

## I. MOTION TO AMEND PETITION

A petition for a writ of habeas corpus may be amended "as provided in the rules of procedure applicable to civil actions." Eller v. Bock, 422 F.Supp.2d 813, 815 (E.D. Mich. 2006) (citing 28 U.S.C. § 2242). The Civil Rules state that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc., 288 F.3d 895, 906 (6th Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). However, the requirement of judicial approval suggests that leave to amend is not granted

automatically.  Roskam Baking, 288 F.3d at 906  (district court must determine whether "justice so requires"); Hargrove v. City of Saginaw, 782 F.2d 1042, 1985 WL 14109, at *1 (6th Cir. 1985) (TABLE, text in WESTLAW).

The Sixth Circuit has stated that leave to amend should be granted unless there is a showing of undue delay, bad faith or dilatory motives by the movant, undue prejudice to the opposing party, or futility of the amendment.  Brumbalough v. Camelot Care Centers, Inc.,  427 F.3d 996, 1001 (6th Cir.  2005); Roskam Baking, 288 F.3d at 906 (citing Foman, 371 U.S. at 182).

The respondent opposes Casey's request to supplement his petition on several grounds.  First, the respondent asserts that the claim is time-barred, because Casey did not object to the sentencing in the state courts.  (Doc. 13, at 4.)  Also, the claimed error of state law is not cognizable in a federal habeas action.  Id. at 4-5.

### A.  Timeliness

Because Casey failed to file a timely appeal in state court, his conviction was final for habeas purposes thirty days after the judgment entry of Nov. 1, 2002.  See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003); doc. 5, RX 3 (judgment entry).  The habeas statute of limitations expired one year later.  28 U.S.C. § 2244(d)(1)(A).  The respondent contends that the proposed claim is time-barred, and would not relate back to the original filing of the habeas petition.  (Doc. 13, at 1-2, citing Mayle, 545 U.S. 644.)

The Supreme Court in Mayle v. Felix ruled:

4

> An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

Mayle, 545 U.S. at 650. Casey's proposed claim regarding improper sentencing differs from his two current grounds concerning his right to counsel. Thus, his motion to amend is denied because the proposed amendment would not relate back and is untimely. Mayle, 545 U.S. at 650; Howard v. United States, 533 F.3d 472, 475-476 (6th Cir. 2008).

### B. Exhaustion

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claim. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). Casey did not raise the claim regarding his sentencing in the state courts within the limitations period, thus it has not been fairly presented and exhausted, and the amendment would be futile.

### C. State law

Casey's proposed new claim is based on a decision of the Supreme Court of Ohio, construing state law. (Doc. 12, at 1-2, citing Simpkins, 117 Ohio St.3d 420,

884 N.E.2d 568.) The question before a federal habeas court is whether a state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action. Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003).

Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Casey does not provide any U.S. Supreme Court precedent which would establish that the alleged shortcoming renders his sentencing unconstitutional.

The motion to supplement (amend) the petition (doc. 12) is denied.

## II. MOTIONS FOR STAY AND ABEYANCE

The Supreme Court explained that the "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler v. Ford, 542 U.S. 225, 230 (2004). The Pliler Court stated that the stay-and-abeyance procedure involves three steps:

> . . . first, dismissal of any unexhausted claims from the original mixed habeas petition; second, a stay of the remaining claims, pending exhaustion of the dismissed unexhausted claims in state court; and third, amendment of the original petition to add the newly exhausted claims that then relate back to the original petition.

Id. at 230-231.

The Pliler Court declined to address the propriety of the stay-and-abeyance procedure, but in Rhines v. Weber, the Court held that district courts have discretion, in limited circumstances, to hold mixed petitions in abeyance, rather than dismissing them. Wiedbrauk v. Lavigne, No. 04-1793, 2006 WL 1342309, at *5 (6th Cir. May 17, 2006), cert. denied, 549 U.S. 961 (2006) (citing Rhines v. Weber, 544 U.S. 269 (2005)). A "mixed" petition contains both unexhausted and exhausted claims. Pliler, 542 U.S. at 227.

Casey's petition is not a "mixed" petition, which would be eligible for consideration of the "stay-and-abeyance" procedure. Casey does not claim that he will return to state court to exhaust a claim in his current petition. See, e.g., Moore v. Wilson, No. 5:07CV0537, 2008 WL 2556669, at *2 (N.D. Ohio June 20, 2008). The fact that he may have a separate claim pending in state court does not render his current petition a "mixed" petition. Bowling v. Haeberline, No. 03-5681, 2007 WL 2321302, at *2 (6th Cir. Aug. 14, 2007) (cited in Moore).

In addition, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277;

Wiedbrauk, 2006 WL 1342309, at *5. The procedure is appropriate only when the petitioner had good cause for his failure to exhaust, and his unexhausted claims are potentially meritorious. Rhines, 544 U.S. at 277; Wiedbrauk, 2006 WL 1342309, at *5; Moore, 2008 WL 2556669. Casey has failed to demonstrate that he had good cause for his failure to exhaust his claims in state court earlier. See generally doc. 10, 15. Also, the respondent's argument that the sentencing claim is not cognizable in federal habeas, as an error of state law, is well-taken. The motions for a stay and abeyance are denied.

### III. SUMMARY

The motion to supplement (amend) the petition (doc. 12) is DENIED, because the proposed amendment would not relate back and is untimely. Moreover, the amendment would be futile as the claim is based on a violation of state law.

The motions for stay and abeyance (doc. 10, 15) are DENIED, because the current petition is not a "mixed" petition, and the proposed amendment would be futile.

The motion for an extension of time (doc. 15) to file a reply to the respondent's Return of Writ is GRANTED, in part, for thirty (30) days. The petitioner's Traverse shall be filed on or before August 20, 2009.

IT IS SO ORDERED.

July 17, 2009                  /s/ Kenneth S. McHargh
                                             Kenneth S. McHargh
                                             United States Magistrate Judge