UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. CASEY, | ) | Case No. 5:08CV2694 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE JAMES GWIN |
| | ) | (Magistrate Judge McHargh) |
| RICHARD HALL, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner, Thomas E. Casey ("Casey"), has filed a petition pro se for a writ of habeas corpus. (Doc. 1.) Presently before the court are Casey's motions to compel the warden to provide a copy of his new sentencing order (doc. 21), and his motion to dismiss his petition without prejudice (doc. 23). The respondent opposes the motions. (Doc. 22, 24.)

Casey filed his petition on Nov. 14, 2008. The petition was based on two related grounds:

    1. Petitioner was denied counsel at his change of plea, sentencing and House Bill 180 hearing.

    2. Petitioner was denied effective assistance of counsel.

(Doc. 1, at § 12.) Casey includes among his supporting facts:

> The petitioner was denied effective assistance of counsel when his hired trial counsel failed to represent the Petitioner at his change of plea, sentencing and House Bill 180 hearing and after the Petitioner informed counsel that stood by his side he wanted to appeal the sentence. Also counsel failed to secure a valid change of plea and sentence pursuant to Post release control.

Id. The record reflects that Casey was represented by counsel at the hearing, albeit an associate of his retained counsel. See, e.g., doc. 5, RX 2, RX 11, and RX 13, at 6.

    This court had previously denied a motion to supplement (amend) the petition, because the proposed amendment[1] would not have related back and was untimely. Moreover, the amendment would have been futile as the proposed claim is based on a violation of state law. (Doc. 18.) A motion for an extension of time to file a Traverse was granted (doc. 18, at 8), but Casey has not filed a Traverse. Instead, he filed the motions before the court.

## I. Motion to compel

    Casey moves to have the warden compelled "to provide this Court a copy of the new sentencing order that was issued from the July 13, 2009 de novo sentencing hearing." (Doc. 21, at 1.)

---

[1] The motion to amend would have added a claim concerning the state's alleged refusal "to correct a correct a void sentencing order." (Doc. 12, at 3.)

The two grounds of the habeas petition both concern Casey's right to counsel. (Doc. 1, at § 12.) Casey's petition does not challenge his sentencing per se. The sentencing order is not required by the court to resolve the claims of the habeas petition. See generally doc. 22.

The motion to compel is denied.

## II. Motion to dismiss

Casey moves the court to dismiss his habeas petition without prejudice. Casey states that he was recently resentenced, and a new judgment entry issued, therefore "he has not exhausted his constitutional grounds in the state courts." He seeks dismissal to permit him "to exhaust his new sentencing order in the state courts." (Doc. 23, at 1.) As mentioned earlier, Casey's motion to amend was denied. (Doc. 18.) The grounds of his current petition do not challenge his sentencing; Casey does not present any grounds which would support a stay. See generally doc. 23, at 1. Rather, Casey seeks to exhaust a new claim[2] which has not yet been raised.

The respondent opposes a dismissal without prejudice, but argues the petition should be dismissed with prejudice. (Doc. 24.) However, the respondent has not filed a motion to dismiss on that basis.

---

[2] The basis of the new claim is not clear to the court. The state's earlier alleged refusal "to correct a correct a void sentencing order," (doc. 12, at 3), presumably has been rectified, since Casey represents that he received a new sentencing hearing. See generally doc. 23, at 1; doc. 25 at 1.

3

The issue of dismissal in this case is governed by Rule 41(a)(2) which provides, in relevant part: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1) states that "an action may be dismissed by the plaintiff without order of court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . ." Fed. R. Civ. P. 41(a)(1). Because the respondent has filed an Answer/ Return of Writ (doc. 5), and has not stipulated to the dismissal, Rule 41(a)(2) applies.

Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the court. Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994). A motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant. Flath v. Bombardier, Inc., 217 F.3d 838, 2000 WL 930406, at *2 (4th Cir. 2000) (per curiam) (TABLE, text in WESTLAW). The primary purpose of court approval is to protect the defendant from unfair treatment, that is, where the defendant would suffer "plain legal prejudice" as a result of dismissal, as opposed to the mere prospect of a second lawsuit. Grover, 33 F.3d at 718. The respondent has not argued prejudice. See generally doc. 24.

The court has already pointed out respondent's argument that Casey's proposed third ground for relief may not relate back to the original filing of his

4

petition. (Doc. 18, at 3.) The court expresses no opinion on the merits of that argument at this point.

Similarly, the respondent claims that Casey's petition is already subject to challenge on the basis of the AEDPA statute of limitations.[3] (Doc. 24, at 2.) The court will not undertake the calculation "of whether the AEDPA limitations period has already run or will have run by the time the petitioner returns to federal court." Pliler v. Ford, 542 U.S. 225, 232 (2004).

The Supreme Court has held that district courts are not required to advise petitioners of the possible consequences of dismissing a habeas petition. Pliler, 542 U.S. at 234; Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006); Parker v. Sheets, No. 1:07 CV 386, 2008 WL 5770468, at *9 (N.D. Ohio Jan. 29, 2008) (citing Pliler). As discussed above, Casey is nevertheless on notice of the possible adverse consequences of his choice. See generally Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir.), cert. denied, 540 U.S. 971 (2003); Palmer v. Carlton, 276 F.3d 777 (6th Cir. 2002).

---

[3] The one-year limitations period for a claim that challenges a re-sentencing judgment begins on the date that the re-sentencing judgment became final, rather than the date that the original conviction became final. Bachman v. Bagley, 487 F.3d 979, 982 (6th Cir. 2007); Linscott v. Rose, 436 F.3d 587, 591 (6th Cir. 2006). The beginning of the limitations period is based on the content of the petitioner's claim(s). Bachman, 487 F.3d at 983-985. Thus, challenges to the underlying conviction (rather than the sentence) must be made within one year of the conclusion of direct review under the AEDPA. Id.

Notwithstanding the possible consequences, Casey insists in his response that the court is required to grant his motion to dismiss under Rule 41(a)(2).  (Doc. 25.)  The court should grant the action requested by Casey, a voluntary dismissal of his petition without prejudice.  See, e.g., Diaz v. Secretary for Dep't. of Corr., 362 F.3d 698, 701 (11th Cir. 2004).

## RECOMMENDATION

It is recommended that the motion to dismiss (doc. 23) be granted, without prejudice.  The motion to compel (doc. 21) should be denied.

Dated:   Feb. 25, 2010                          /s/ Kenneth S. McHargh
                                                Kenneth S. McHargh
                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).